ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2007 JUN 18 P 4: 21
CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| BOXER X, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 603-147 |
| | ) | |
| ANGELA HARRIS, Sergeant, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff, an inmate incarcerated at Georgia State Prison in Reidsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

## I. PROCEDURAL HISTORY

In this case, Plaintiff's complaint was dismissed upon initial screening in 2004. The Honorable B. Avant Edenfield, United States District Judge, entered a judgment dismissing Plaintiff's Eighth Amendment and due process claims, (doc. no. 13), and Plaintiff appealed (doc. no. 14). The Eleventh Circuit affirmed the dismissal of the above-noted claims, but it

also vacated the judgment and remanded the case for further action on Plaintiff's right to bodily privacy claim and his First Amendment retaliation claim. Boxer X v. Harris, 437 F.3d 1107, 1111-12 (11th Cir.), *reh'g en banc denied*, 459 F.3d 1114 (11th Cir. 2006), *cert denied*, 127 S. Ct. 1908 (2007). When the case returned to this District upon the conclusion of the lengthy appellate proceedings, Judge Edenfield reviewed Plaintiff's claims in light of the ruling from the Eleventh Circuit and stated, "Given the solicitude that the Eleventh Circuit has shown to this litigant, the Court will re-refer this case to the Magistrate Judge for full litigation of Boxer X's retaliation and privacy claims." (Doc. no. 26, p. 2 (footnote omitted)). Accordingly, process shall issue.

## II. INSTRUCTIONS

**IT IS HEREBY ORDERED** that service of process shall be effected on Defendant Harris. The United States Marshal shall mail a copy of the complaint (doc. no. 1), Plaintiff's objections to the March 3, 2004 Report and Recommendation, which have been interpreted as an amended complaint (doc. no. 11), Judge Edenfield's Order dated June 4, 2007 (doc. no. 26), and this Order by first-class mail and request that the defendant waive formal service of the summons.[1] Fed. R. Civ. P. 4(d). Individual defendants have a duty to avoid unnecessary costs of serving the summons, and if a defendant fails to comply with the request for waiver, the defendant must bear the costs of personal service unless good cause can be shown for

---

[1] Notably, Judge Edenfield's June 4th Order directed defense counsel (Georgia's Attorney General's office) to provide specific information to the Court concerning Plaintiff's legal name. (Doc. no. 26, p. 1 n.1). However, it is not clear from the docket whether anyone other than Plaintiff was actually served with the Order. The Court expects that upon receipt of this Order, defense counsel would, if it has not been done already, move expeditiously to provide the information requested by Judge Edenfield.

2

failure to return the waiver. Fed. R. Civ. P. 4(d)(2). If a defendant returns the waiver in a timely fashion, she does not have to answer the complaint until sixty (60) days after the date the Marshal mailed the request for waiver. Fed. R. Civ. P. 4(d)(3). However, service must be effected within 120 days of the date of this Order, Fed. R. Civ. P. 4(m), and a defendant not timely served may be dismissed. Plaintiff is responsible for providing sufficient information for the Marshal to identify and locate the defendant to effect service.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the defendant, or upon her attorney or attorneys if appearance has been entered by counsel, a copy of every further pleading or other document submitted to the Court. Except for the complaint, when submitting pleadings to the Clerk of Court, parties shall provide an original and one copy. Loc. R. 5.2. Plaintiff shall include with the papers to be filed a certificate stating the date a true and correct copy of any document was mailed to the defendants or their counsel. Fed. R. Civ. P. 5; Loc. R. 5.1. Every pleading shall contain a caption setting forth the name of the court, the title of the action, and the file number. Fed. R. Civ. P. 10(a). Any paper received by a District Judge or Magistrate Judge that has not been properly filed with the Clerk of Court or that fails to include a caption or certificate of service will be returned.

It is Plaintiff's duty to cooperate fully in any discovery that may be initiated by the defendant. Upon being given at least five (5) days notice of the scheduled deposition date, Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath and solemn affirmation, any question that seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions,

3

including dismissal of this case. The defendant shall ensure that Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's Local Rules.

While this action is pending, Plaintiff shall immediately inform this Court and opposing counsel of any change of address. Failure to do so will result in dismissal of this case.

Plaintiff must pursue this case; if Plaintiff does not press the case forward, the Court may dismiss it for want of prosecution. Fed. R. Civ. P. 41; Loc. R. 41.1. If Plaintiff wishes to obtain facts and information about the case from the defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 through 37 (containing the rules governing discovery and providing for the basic methods of discovery). Plaintiff should begin discovery promptly and complete it within four (4) months after the filing of the first answer filed in the case.

Interrogatories are a practical method of discovery for *pro se* litigants. See Fed. R. Civ. P. 33. Interrogatories shall not contain more than twenty-five (25) questions. Id. Plaintiff must have the Court's permission to propound more than one set of interrogatories to a party. Discovery materials should not be filed routinely with the Clerk of Court; exceptions include when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. If Plaintiff wishes to file a motion to compel pursuant to Fed. R. Civ. P. 37, he should first contact the attorney for the defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that

he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Loc. R. 26.5.

Plaintiff must maintain a set of records for the case. If papers are lost and new copies are required, these may be obtained from the Clerk of the Court at the standard cost of fifty cents ($.50) per page.

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fifteen (15) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Loc. R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that there is no opposition to the defendant's motion.

A response to a motion for summary judgment must be filed within twenty (20) days after service of the motion. Loc. R. 7.5, 56.1. A failure to respond shall indicate that there is no opposition to the motion. Loc. R. 7.5. Furthermore, each material fact set forth in a defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should a defendant file a motion for summary judgment, Plaintiff is advised that he will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should a defendant's motion for summary judgment be supported by affidavit, Plaintiff must file counter-affidavits if he desires to contest the defendant's statement of the facts. Should Plaintiff fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in the defendant's affidavits will be

accepted as true and summary judgment will be entered against Plaintiff pursuant to Fed. R. Civ. P. 56.

SO ORDERED this 18th day of June, 2007, at Augusta, Georgia.

*W. Leon Barfield*
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE