IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

FILED
U.S. DISTRICT COURT

2008 JUL 11 PM 1:26

CLERK _L. Jelenlew_
SO. DIST. OF GA.

BOXER X, f/k/a Stanley Farley,          )
                                        )
            Plaintiff,                  )
                                        )
     v.                                 )        CV 603-147
                                        )
ANGELA HARRIS, Sergeant,                )
                                        )
            Defendant.                  )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate currently incarcerated at Valdosta State Prison located in

Valdosta, Georgia,[1] commenced the above-captioned case pursuant to 42 U.S.C. § 1983.

Plaintiff is *pro se* and proceeding *in forma pauperis* ("IFP"). The matter is now before the

Court on Defendant's "Motion to Dismiss." (Doc. no. 34). Plaintiff opposes the motion.[2]

(Doc. no. 39). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS**

that the "Motion to Dismiss" be **DENIED**.

---

[1] The Court notes that the events forming the basis of the above-captioned complaint occurred at Smith State Prison located in Glennville, Georgia. (Doc. no. 1, pp. 5-7).

[2] The Court notes that Plaintiff has another case pending in the Southern District of Georgia. Farley v. Chauncey, Civil Case No. 606-039 (S.D. Ga. Mar. 31, 2006). In this regard, Plaintiff improperly responded to motions to dismiss filed in both cases by way of one document. (See doc. no. 39, p. 1; doc. no. 40, p. 1). The Court will only consider the portions of Plaintiff's response that pertain to the instant motion to dismiss.

## I. BACKGROUND

On June 18, 2007, the Court provided Plaintiff with some basic instructions regarding the development and progression of this case. (Doc. no. 27). Notably, Plaintiff was instructed that he must cooperate fully in any discovery initiated by Defendant and that, upon being given five (5) days notice, he "shall appear and permit his deposition to be taken and shall answer . . . any question that seeks information relevant to the subject matter of the pending action." (Id. at 3). Plaintiff was cautioned, "Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, including dismissal of this case." (Id. at 3-4).

On September 21, 2007, Defendant timely noticed the deposition of Plaintiff scheduled for October 3, 2007. (Doc. no. 34, Ex. A). Although Plaintiff appeared, he refused to permit his deposition to be taken "due to the fact that correction staff [were] present and [they are] the co-workers of the defendants . . . ." (Id., Ex. B, p. 3). Plaintiff, who was informed that the presence of security personnel during the deposition was required, also refused to be deposed because "that would be going against the Federal Rules." (Id.).

On April 17, 2008, Defendant filed an unopposed motion to compel, wherein she requested an order "reopening discovery for the limited purpose of deposing the Plaintiff and for said order to compel the Plaintiff's cooperation." (Doc. no. 43). Defendant maintained, "[T]his case is a matter that can likely be disposed of by Motion for Summary Judgment, if the Court will permit reasonable additional time for the completion and filing of it following

the successful completion of the Plaintiff's deposition." (Id. at 2). On May 9, 2008, the Court granted Defendant's motion to compel. (Doc. no. 44). Thereafter, counsel for Defendant deposed Plaintiff and Defendant filed a motion for summary judgment. (Doc. no. 48; doc. no. 49, Ex. A).

## II. DISCUSSION

Defendant requested that the Court dismiss, pursuant to Local Rule 41.1(b), the above-captioned complaint as a sanction for Plaintiff's failure to comply with the terms of the Court's June 18, 2007 Order. (Doc. no. 34, p. 5). As outlined above, Plaintiff initially failed to permit his deposition to be taken. However, after Defendant filed a motion to compel, Plaintiff allowed his deposition to be taken in compliance with the Court's May 9, 2008 Order.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court . . . ." Loc. R. 41.1.

3

Although Plaintiff's initial reluctance to cooperate in discovery is the type of dilatory action contemplated by Loc. R. 41.1, the Court recognizes that Plaintiff is proceeding *pro se*, and that courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits. See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993). Although Plaintiff improperly objected to the initial attempt to take his deposition,[3] the Court does not find that Plaintiff has failed to prosecute this case or willfully disobeyed a Court order. Indeed, counsel for Defendant has deposed Plaintiff, in compliance with the Court's May 9, 2008 Order, and Defendant has filed a motion for summary judgment. Therefore, the Court is unpersuaded that it would be appropriate to dismiss the above-captioned complaint at this time.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's "Motion to Dismiss" be **DENIED**. (Doc. no. 34).

SO REPORTED and RECOMMENDED this 11th day of July, 2008, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]"An objection at the time of the examination–whether to . . . the manner of taking the deposition, or to any other aspect of the deposition–must be noted on the record, *but the examination still proceeds* . . . ." Fed. R. Civ. P. 30(c)(2) (emphasis added).